# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DONNA MacLAREN,

        **Plaintiff,**

-vs-                                   **Case No.:  6:02-cv-1221-Orl-22JGG**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for hearing on July 26, 2005 on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 34)** |
| **FILED:** | **May 9, 2005** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On November 24, 2003, the undersigned entered a Report and Recommendation, Docket No. 18, recommending that the decision of the Commissioner denying disability be affirmed. The Honorable Anne C. Conway approved and adopted the Report and Recommendation on January 6, 2004. Docket No. 21. On February 9, 2005, the United States Court of Appeals for the Eleventh Circuit vacated and remanded, finding that the Administrative Law Judge failed to make sufficient findings to allow the Court to conduct a meaningful review of the Commissioner's decision. Docket No. 31 at 9.

The Claimant, Donna MacLaren, now moves for an award of $5,998.50 in attorney's fees and $405.00 in costs pursuant to the Equal Access to Justice Act ["EAJA"], 28 U.S.C. § 2412.  Docket No. 34 at 1.  The Commissioner opposes such an award on the ground that her position was "substantially justified" within the meaning of 28 U.S.C. § 2412(d)(1)(A).  The undersigned disagrees with the Commissioner.

The Equal Access to Justice Act provides that a court *"shall* award" to a prevailing party fees and other expenses incurred "unless the court finds the position of the United States *substantially justified* or that special circumstances make an award unjust."  28 U.S.C. § 2412 (d)(1)(A) (emphasis supplied).  The "position of the United States" includes both the government's position in the civil action and the action by the agency.  *Stratton v. Bowen*, 827 F.2d 1447, 1449 n.2 (11th Cir. 1987).  In the district court, the test for substantial justification is "more than mere reasonableness" — the Commissioner must show that her case had a reasonable basis both in law and fact.  *Hudson v. Secretary*, 839 F.2d 1453, 1456 (11th Cir. 1988).

The Commissioner's argument goes too far.  Under the Commissioner's reasoning, no claimant who succeeds in obtaining the reversal of an erroneous decision on appeal would ever be entitled to an award of attorney's fees under the EAJA.  Few, if any, claimants could even afford to even seek such review absent attorney's fees.  It is true that the undersigned erroneously recommended that the district court affirm the Commissioner's decision, and that this Court erroneously agreed with the arguments made by the Commissioner.  Nevertheless, the United States Court of Appeals for the Eleventh Circuit vacated that decsion.  The Eleventh Circuit determined that the Commissioner had made multiple errors, and set forth the panel's reasoning.  For the reasons detailed by the Eleventh Circuit, the Commissioner's position did not have a reasonable basis in law and fact.  It is therefore

**RECOMMENDED** that the Plaintiff's Motion for Attorney's Fees and Costs be **GRANTED**, and the Commissioner should be ordered to pay an attorney's fee of $5,998.50 and cost in the amount of $405, pursuant to the EAJA.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 23, 2005.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Anne C. Conway
Counsel of Record
Unrepresented Party
Courtroom Deputy